IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JUDY C. LONG, )
 )
    PLAINTIFF, )
 )
V. )
 )   CV-00-H-3090-S
STATE OF ALABAMA DEPARTMENT )
OF HUMAN RESOURCES, )
 )
    DEFENDANT. )

**ENTERED**

**MAY - 7 2002**

## AMENDED MEMORANDUM OF DECISION

The Court has before it the February 8, 2002 motion of Defendant State of Alabama Department of Human Resources ("ADHR") for summary judgment. Pursuant to the Court's February 11, 2002 order, the motion was deemed submitted, without oral argument, on March 11, 2002.[1]

### I. Procedural History

Plaintiff Judy C. Long commenced this action on November 1, 2000 by filing a complaint in this Court alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e; 42 U.S.C. §1981; 42 U.S.C. §1983; and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.[2] Plaintiff contends that Defendant's failure to

---

[1] Defendant moved to dismiss, or, in the alternative, for summary judgment. In its February 11, 2002 order, this Court denied the motion to dismiss; therefore only the motion for summary judgment is currently before the Court.

[2] In response to Plaintiff's complaint, Defendant filed a motion to dismiss, or, in the alternative, for summary judgment on November 28, 2000. Defendant asserted, *inter alia*, that as a state agency it was immune from suit for damages under the Eleventh Amendment of the

promote her to the position of Financial Support Supervisor of Child Support Services in the Birmingham, Jefferson County Division of the ADHR constitutes disparate treatment discrimination on the basis of her race. Defendant's February 8, 2002 motion for summary judgment asserts that Plaintiff has failed to rebut Defendant's legitimate and nondiscriminatory reason for the conduct at issue and that Defendant is therefore entitled to summary judgment. (*See* Def.'s Mot. Summ. J. at 6-11.)

Both parties have filed briefs and submitted evidence in support of their respective positions. Defendant submitted evidence[3] in support of its motion for summary judgment and filed a supporting brief on February 8, 2002. On March 4, 2002, Plaintiff filed evidence[4] in

---

United States Constitution. (*See* Def.'s November 28, 2000 Mot. Summ. J. at 1-2). In its April 30, 2001 order, this Court dismissed Plaintiff's claims brought under §1981, §1983, and the Equal Protection Clause on the basis of Defendant's Eleventh Amendment immunity, leaving only the Title VII claim.

[3] Defendant submitted: job announcement for Financial Support Supervisor Classification Certification; Certification of Eligibles (register) for the Financial Support Supervisor position; affidavit of Marie Garner; affidavit of Ann Breen with attached e-mail message prepared by Ms. Breen; decree entered in *United States v. Frazer*; excerpts from the January 16, 2002 deposition of Judy Long; excerpts from the October 18, 2001 deposition of Marie Garner; excerpts from the October 18, 2001 deposition of Thomas King; and excerpts from the November 28, 2001 deposition of Ann Breen.

[4] Plaintiff submitted: affidavit of Marie Garner; excerpts from the January 16, 2002 deposition of Judy Long; excerpts from the October 18, 2001 deposition of Marie Garner; excerpts from the November 28, 2001 deposition of Marie Garner; excerpts from the November 28, 2001 deposition of Ann Breen; excerpts from the October 18, 2001 deposition of Thomas King; ADHR Personnel File for Jennifer G. Griffin; Work Force Analysis, ADHR, Jefferson County, dated September 30, 1998; Work Force Analysis, ADHR, Jefferson County, dated September 30, 1999; Analysis of the Racial Composition of ADHR in Jefferson County, including exhibits prepared by Michael J. Piette, Ph.D., dated November 29, 2001; ADHR Promotions to Financial Support Supervisor for the period August 28, 1999 through September 7, 2001; Memo from Marie Garner, dated September 25, 2001; and ADHR Personnel File of Judy Long.

2

opposition to Defendant's motion for summary judgment. On March 11, 2002, Plaintiff filed a brief in response to Defendant's motion for summary judgment.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Chapman*, 229 F.3d at 1023; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Chapman*, 229 F.3d at 1023; *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Chapman*, 229 F.3d at 1023. If the evidence is merely colorable, or is not significantly probative, summary judgment may be

granted. *Anderson*, 477 U.S. at 249. The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. *See Fitzpatrick*, 2 F.3d at 1115-17 (citing *U.S. v. Four Parcels of Real Property*, 941 F.2d 1428 (11th Cir. 1991)(*en banc*)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; *i.e.* facts that would entitle it to a directed verdict if not controverted at trial. *See Fitzpatrick*, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to *affirmatively* show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. *See Fitzpatrick*, 2 F.3d at 1115-16. If the movant meets its initial

burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. *See Lewis v. Casey*, 518 U.S. 343, 358 (1996) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

### III. Relevant Undisputed Facts[5]

Defendant announced a promotional opening for the position of Financial Support Supervisor of Child Support Services in its Birmingham, Jefferson County division. (*See* Job Announcement for Financial Support Supervisor classification certification, Def. Ex. B). Plaintiff, a white female, applied and interviewed for the promotion in July of 1999. (*See* Long Dep. at 29-30). At the time, Plaintiff had been continuously employed by Defendant in Child Support Services for approximately sixteen years, during which she exceeded the standards of her yearly evaluations. (*See* ADHR Personnel File of Judy Long, Pl. Ex. 13; *see also* Breen Dep. at 107).

Pursuant to its standard hiring procedure, Defendant requested and received a Financial Support Supervisor certificate of eligibles, or "register," from the State of Alabama Personnel Department. *(See* Register, Def. Ex. C; *see also* ALA. CODE § 36-26-1, *et seq.* (1975)). To create a register, the State Personnel Department places eligible applicants for a position in bands according to their scores on a qualifying exam and an average of their past appraisal ratings. *(See*

---

[5] Facts are undisputed unless otherwise expressly noted.

November 28, 2001 Garner Dep. at 11-13; *see also* King Dep. at 62, 67-68). All the individuals within a band are considered equal. (*See* November 28, 2001 Garner Dep. at 11-12, 17; *see also* King Dep. at 65). The register for the Financial Support Supervisor position comprised two bands of eligible employees: Band One, which contained minorities and one non-minority, and Band Two, which contained minorities and non-minorities, including Plaintiff. (*See* Register, Def. Ex. C).

Marie Garner, Assistant Director for the Child Support Program at the Jefferson County division of ADHR, and Anne Breen, Program Supervisor of Child Support, were the decisionmakers responsible for selecting the new Financial Support Supervisor. (*See* October 18, 2001 Garner Dep. at 72; *see also* Garner Aff. ¶ 2). They agreed that the person to fill the position should have child support experience; accordingly, they focused only on applicants who met this criterion. (*See* October 18, 2001 Garner Dep. at 58, 63; *see also* November 18, 2001 Garner Dep. at 14-15; Breen Dep. at 65, 69). While none of the applicants in Band One met the criterion, four individuals in Band Two, including Plaintiff and Jennifer Griffin, a minority, had child support experience. (*See* October 18, 2001 Garner Dep. at 58-59, 63). Ms. Griffin had been employed in the Child Support Division of ADHR from January 1988 to November 1997. (*See* ADHR Personnel File for Jennifer G. Griffin, Pl. Ex. 7). Ms. Garner and Ms. Breen determined that Plaintiff was the best choice for the position, but they did not consider Plaintiff because they believed that under the decree entered in *U.S. v. Frazer*, 317 F.Supp. 1079 (M.D.Ala. 1970),[6] she was blocked by minorities on the register. (*See* October 18, 2001 Garner

---

[6] In *Frazer*, the United States sued to enforce the requirement of federal statutes and regulations that state personnel engaged in the administration of federally financed grant-in-aid programs be recruited, hired and promoted or demoted on merit basis, without discrimination on

Dep. at 69-70; *see also* November 28, 2001 Garner Dep. at 18-20; Breen Dep. at 88). Their understanding of the *Frazer* decree was that it prohibited them from passing over a qualified minority applicant in Band One to hire a non-minority applicant in Band Two. (*See* Breen Dep. at 51, 85-86, 88-89, 93; *see also* November 28, 2001 Garner Dep. at 13-14). Following this interpretation of *Frazer*, the decisionmakers instead selected Ms. Griffin, a minority applicant, for the promotion. (*See* Breen Dep. at 71).

Ms. Garner and Ms. Breen informed Plaintiff that under *Frazer*, they could not select her for the promotion because Plaintiff was blocked on the registry by minority applicants. (*See* October 18, 2001 Garner Dep. at 80; *see also* Long Dep. at 33, 41-43, 46; Garner Aff. ¶ 2).[7] Ms. Garner told Plaintiff that she was "sorry she [Plaintiff] could not be promoted because she would have been selected unquestionably if she had been in a position to be selected." (October 18, 2001 Garner Dep. at 80; *see also* Long Dep. at 33; Memo from Marie Garner ¶ 4, Pl. Ex. 12).[8]

---

the ground of race or color. *See Frazer*, 317 F.Supp. at 1081. The District Court for the Middle District of Alabama held that state personnel hiring practices violated the Equal Protection Clause of the Fourteenth Amendment and that the court had a duty to order an end to discriminatory practices, to correct and eliminate effects of past discrimination, and to prescribe procedures designed to prevent future discrimination. *See id.* at 1090. To that end, the court entered the decree that was the basis of the Defendant's employment decision in this case.

[7] Ms. Breen admitted that she explained the *Frazer* decree to Plaintiff *before* the promotion decision had been made. (*See* Breen Dep. at 101-03). Ms. Breen also testified that Plaintiff, upset that she did not obtain the promotion, visited Ms. Breen in her office after the decision and recounted a conversation with Ms. Garner in which Ms. Garner told Plaintiff that she was the first choice for the position. (*See id.* at 29-31). Ms. Breen claimed that she did not respond to Plaintiff's statement. (*See id.* at 31).

[8] In her November 28, 2000 affidavit, Ms. Garner denied telling Plaintiff that Plaintiff was the first choice and most qualified for the position. (*See* November 28, 2000 Garner Aff. ¶ 3). However, Defendant subsequently moved to substitute an affidavit of Ms. Garner which did not contain that sentence for the affidavit originally filed. (*See* September 25, 2001 Garner Aff ¶ 3). In its September 28, 2001 order, this Court granted the motion.

Plaintiff states that the sole reason that Ms. Breen and Ms. Garner gave Plaintiff in explanation of why they did not select her for the promotion was the *Frazer* decree. (*See* Long Dep. at 96-97.) They later offered her a temporary position of acting supervisor, but Plaintiff rejected the offer. (*See* Breen Dep. at 26-29).

## IV. Analysis

Plaintiff alleges disparate treatment racial discrimination based upon Defendant's failure to promote her to the position of Financial Support Supervisor of Child Support Services. Specifically, she argues that Defendant misapplied the "no-bypass rule" of the *Frazer* decree. That title has been given to Paragraphs 2 and 3 of § II of the 1970 *Frazer* decree, which read as follows:

> 2. Negro applicants shall be appointed to positions other than custodial, domestic, laborer or laboratory aide, when said Negro applicants are listed on a Certification of Eligibles, unless higher-ranking white applicants on the certificate are appointed to fill the vacancy (or all the vacancies) in the listed position, or unless the defendants determine that the Negro applicant is not qualified to perform the duties of the position, or is otherwise not fit for the position.
>
> 3. Defendants shall not appoint or offer a position to a lower-ranking white applicant on a certificate in preference to a higher-ranking available Negro applicant, unless the defendants have first contacted and interviewed the higher-ranking Negro applicant and have determined that the Negro applicant cannot perform the functions of the position, is otherwise unfit for it, or is unavailable. In every instance where a determination is made that the Negro applicant is unfit or unavailable, documentary evidence shall be maintained by the defendants that will sustain that finding.

*Frazer*, 317 F.Supp. at 1091.

With or without this "no-bypass rule," Plaintiff has stated a Title VII disparate treatment claim. She charges that her comparator, Ms. Griffin, who was selected by Ms. Garner and Ms. Breen for the new Financial Support Supervisor, was less qualified and that Plaintiff should have been

appointed. Plaintiff does not seem to attribute this decision to racial antipathy. She instead suggests that Defendant failed to train and instruct its decisionmakers on the *Frazer* decree, and that the decisionmakers had not even read the decree prior to making the decision not to promote her. (*See* Pl.'s Br. Opp'n Summ. J. at 8). Plaintiff also advances that the fact that Defendant offered her a position of acting supervisor, after not promoting her to the position, demonstrates that the decisionmakers either had not read or understood the *Frazer* decree because the decree also applies to temporary positions. (*See id.*).

Defendant argues that it is entitled to summary judgment as to Plaintiff's Title VII race discrimination claim because in failing to select Plaintiff for the promotion, it was simply acting in compliance with the *Frazer* decree. Defendant asserts that it was required to follow the decree, which dictates that a lower-ranking white applicant cannot be given a position in preference to a higher-ranking minority applicant. Once Defendant decided against selecting any of the applicants in Band One, which contained minority applicants, Defendant argues that the *Frazer* decree constrained Defendant's selection from Band Two to minority applicants.

It is undisputed that Ms. Garner and Ms. Breen were the decisionmakers. It is also undisputed that they selected Ms. Griffin over Plaintiff because they believed that *Frazer*, under the circumstances presented to them, required the selection of a minority applicant.[9] Whether or not they were mistaken in that belief, Plaintiff has failed to rebut as pretext Defendant's legitimate and nondiscriminatory reason for the employment decision at issue: that the decisionmakers *believed* that the *Frazer* decree prohibited Defendant from selecting Plaintiff, a

---

[9] Because of their understanding of *Frazer*, they did not even view Plaintiff as qualified. They selected a minority with child support experience because she was the most qualified of the minority individuals from Band Two.

9

non-minority applicant in Band Two, after Defendant had passed over minority applicants in Band One. *See Chapman*, 229 F.3d at 1024-25. Nor has Plaintiff otherwise presented sufficient evidence that intentional racial discrimination did indeed motivate Defendant.

The Eleventh Circuit has clearly stated that "[f]ederal courts 'do not sit as a super-personnel department that reexamines an entity's business decision. No matter how medieval a firm's practices, no matter how high-handed its decisional process, *no matter how mistaken the firm's managers*, the [court] does not interfere. Rather our inquiry is limited to whether the employer gave an honest explanation of its behavior.'" *Chapman*, 229 F.3d at 1030 (quoting *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991) (citations omitted) (emphasis added)).[10] Even though, as Plaintiff alleges, Defendant misapplied or misinterpreted the *Frazer* decree, such a mistake would not be an adequate showing of pretext. The evidence is undisputed that the relevant decisionmakers, Ms. Garner and Ms. Breen, honestly believed that the *Frazer* decree forbid them from selecting Plaintiff under the circumstances. An employer who treats two employees differently because of a mistaken belief in the existence of a neutral reason does not violate Title VII. *See Lee v. GTE Fla., Inc.*, 226 F.3d 1249, 1253 (11th Cir.2000) (noting that "[a] plaintiff must show not merely that the defendant's employment decisions were mistaken, but that they were in fact motivated by sex."); *Alexander v. Fulton County*, 207 F.3d

---

[10] "For an employer to prevail the jury need not determine that the employer was correct in its assessment of the employee's performance; it need only determine that the defendant in good faith believed plaintiff's performance to be unsatisfactory . . . ." *Elrod*, 939 F.2d at 1470 (quoting *Moore v. Sears, Roebuck & Co.*, 683 F.2d 1321, 1323 n.4 (11th Cir. 1982)); *see also Smith v. Papp Clinic, P.A.*, 808 F.2d 1449, 1452-53 (11th Cir. 1987) (holding that discharge was not "because of race" and employer had not violated § 1981 if employer fired employee because it honestly believed employee had violated company policy, even if it was mistaken in that belief); *EEOC v. Total System Servs., Inc.*, 221 F.3d 1171, 1175-76 (11th Cir. 2000).

1303, 1339 (11th Cir. 2000) (observing that "[a] plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by race."); *Wolf v. Buss (America) Inc.*, 77 F.3d 914, 919 (7th Cir. 1996) (defining pretext as "more than a mistake on the part of the employer; pretext means a lie, specifically a phony reason for some action.") (internal marks and citations omitted). It is immaterial whether Defendant's legitimate, nondiscriminatory reason was mistaken, ill considered, or foolish; to show pretext, Plaintiff "must demonstrate that [the] proffered reason is a lie or completely lacks a factual basis." *Jordan v. Summers*, 205 F.3d 337, 343 (7th Cir. 2000). Plaintiff has simply failed to demonstrate as pretext Defendant's articulated reason for not selecting Plaintiff.

The Court notes that Plaintiff has proffered various statistics in an attempt to demonstrate that minorities are no longer underrepresented in the Jefferson County division of the ADHR workforce and, *ergo*, that the *Frazer* decree has outlived its utility.[11] Regardless of the validity or invalidity of these assertions, this Court is without power to alter the decree. When it decided *Frazer*, the Middle District of Alabama specifically retained jurisdiction over implementation of the decree. *See Frazer*, 317 F.Supp. at 1093. If Plaintiff wishes to challenge the decree, she must do so in the Middle District, not in this Court.

In short, in order to prevail on Defendant's summary judgement motion, Plaintiff must come forward with evidence sufficient for a reasonable jury to conclude that the challenged conduct or decisions were indeed motivated by intentional discrimination or that Defendant's proffered legitimate reasons were merely a pretext for illegal discrimination. Plaintiff has not carried her burden of production. At best, she is only quarreling with Defendant's articulated

---

[11] Plaintiff does not allege disparate impact discrimination.

reason, which is not sufficient. *See Chapman*, 229 F.3d at 1030.

In summary, the Court finds that Plaintiff has failed to establish her claim of Title VII discrimination. Because no material issues of fact remain and because Defendant is entitled to judgment as a matter of law, summary judgment is appropriate. A separate order will be entered.

DONE this 7th day of May, 2002.

_____
SENIOR UNITED STATES DISTRICT JUDGE